# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Fairview Health Services, | Court File No.: |
| | Case Type: Contract |
| Plaintiff, | Judge: |
| v. | |
| | **SUMMONS** |
| UnitedHealthcare, Inc., | |
| Anthem Insurance Companies, Inc., d/b/a | |
| Anthem Blue Cross and Blue Shield, | |
| Defendants. | |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to the lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. *YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS*. You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at 920 Second Avenue South, Suite 800, Minneapolis, MN 55402.

3. *YOU MUST RESPOND TO EACH CLAIM.* The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief demanded in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: February 7, 2019

D.S. ERICKSON & ASSOCIATES, PLLC

By_____
Timothy J. Henkel (#0389403)
Keith A. Patton (#0398608)
920 Second Avenue South, Suite 800
Minneapolis, MN 55402
Phone:       (612) 333-7600
Facsimile:   (612) 333-7611
Email:       timothy.henkel@dserickson.com
             keith.patton@dserickson.com
ATTORNEYS FOR PLAINTIFF
FAIRVIEW HEALTH SERVICES

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Fairview Health Services, | Court File No.: |
| | Case Type: Contract |
| Plaintiff, | Judge: |
| v. | COMPLAINT |
| UnitedHealthcare, Inc., | |
| Anthem Insurance Companies, Inc., d/b/a | |
| Anthem Blue Cross and Blue Shield, | |
| Defendants. | |

The Plaintiff, for its claim against the above-named Defendants, complains and alleges as follows:

## PARTIES

1. Plaintiff, Fairview Health Services ("Fairview"), is a non-profit corporation organized under Minnesota Statutes Chapter 317A and provides medical, surgical, hospital, sickness, and other health related services to individuals in the State of Minnesota.

2. Defendant UnitedHealthcare, Inc. ("UHC"), is a Delaware registered corporation with a principal place of business located at 9900 Bren Road East, Minnetonka, MN 55343-4402.

3. Defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), is an Indiana registered entity with a principal place of business located at 120 Monument Circle, Indianapolis, IN 46204.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in Hennepin County District Court with regard to UHC as UHC's principal place of business is located in Hennepin County.

5. Jurisdiction is proper in Hennepin County with regard to Anthem pursuant to Minn. Stat. § 543.19 as Anthem has conducted business in Minnesota to the extent that the "minimum contacts" standard outlined in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) is met. Anthem committed acts in and outside of Minnesota causing injury in Minnesota. Minnesota has a substantial interest in providing a forum for the adjudication of this dispute as the events and transactions giving rise to this dispute occurred in Hennepin County, Minnesota.

6. Venue is proper in Hennepin County District Court as the acts and transactions that have given rise to this action occurred in Hennepin County.

## FACTS

7. Until December 31, 2016, patient T. Hanson, was a covered individual under a health insurance policy issued by Anthem; Member ID xxxxxxxx0292; Group No.: xxxx8448 ("Anthem Policy").

8. Beginning on January 1, 2017, patient Hanson was a covered individual under a health insurance policy issued by UHC; Member ID xxxxx7791; Group No.: xxx0170 ("UHC Policy").

9. Upon information and belief, the Anthem Policy and the UHC Policy were issued to Aces Power Marketing, the employer of patient Hanson's spouse, as part of an Employee Retirement Income Security Act ("ERISA") based single-employer group health and welfare benefit plan ("Plan").

10. Patient Hanson received in-patient medical health care goods and services form Fairview

from December 28, 2016 through February 8, 2017.

11. From December 28, 2016 through December 31, 2016, patient Hanson was a participant and beneficiary under the Anthem Policy and thus "covered" under the same.

12. From January 1, 2017 through February 8, 2017, patient Hanson was a participant and beneficiary under the UHC Policy and thus "covered" under the same.

13. Anthem accessed Fairview via the Blue Card Network, and the contract in place between BlueCross BlueShield of Minnesota ("BCBS of MN") and Fairview in order for patient Hanson to obtain in-network access to Fairview, and to obtain BCBS of MN's contractually discounted rate with Fairview.

14. UHC accessed Fairview via the Medica/Selectcare LaborCare contract in place between Medica and Fairview, in order for patient Hanson to obtain in-network access to Fairview, and to obtain Medica's contractually discounted rate with Fairview.

15. Moreover, as part of the process of being admitted to Fairview, patient Hanson assigned to Fairview her right to have all covered expenses of the treatment provided paid for by Defendants. Fairview then provided medical, hospital, sickness, and other health related services to patient Hanson.

16. Patient Hanson's Anthem Policy terminated on December 31, 2016, and her UHC Policy became active on January 1, 2017.

17. As Anthem was the original primary insurer, the claim for the health care goods and services provided to patient Hanson were initially submitted by Fairview to Anthem via BCBS of MN on February 16, 2017.

18. Said claim was processed by BCBS of MN on March 16, 2017; BCBS of MN requested an

3

itemized statement from Fairview, which was promptly on March 21, 2017.

19.    Fairview was informed by BCBS of MN that Anthem would internally split the claim between the dates of service in which the Anthem policy was active (December 28, 2016 – December 31, 2016) and the dates when it was inactive (January 1, 2017 – February 8, 2017).

20.    Fairview was subsequently provided a denial of the claim by Anthem via BCBS of MN; upon contacting BCBS of MN, Fairview was told to disregard the denial and that the claim was in the process of being adjudicated by Anthem.

21.    On April 12, 2017, UHC contacted Fairview and inquired as to the status of the claim and whether Anthem was being billed as the primary payer and paying for the entirety of the care provided during the cited dates of service.

22.    Fairview informed UHC that Anthem was billed and was in the process of adjudicating the claim.

23.    UHC represented to Fairview that if a claim was submitted to it for the health care goods and services provided to patient Hanson during the dates of service that the UHC policy was active (January 1, 2017 – February 8, 2017), that it would need to be accompanied by an Explanation of Benefits ("EOB") from Anthem.

24.    Fairview was informed by Anthem, via BCBS of MN on April 20, 2017 that the claims for patient Hanson needed more time for review.

25.    On May 10, 2017, Fairview was again told, upon following up with BCBS of MN, that Anthem was still reviewing the claim, and that there was no update to provide.

26.    Fairview diligently followed up with Anthem, via BCBS of MN, on May 30, 2017, June 13, 2017, and July 12, 2017, requesting updates and asking for the claims to be processed.

27.     Fairview was told each time that the "Home Plan", Anthem, still needed more time to review.

28.     Although Fairview was informed by BCBS of MN on July 27, 2017 that the claim would be split according to the benefit plan, a further update on August 22, 2017 indicated that Anthem still needed more time for review.

29.     Despite being told by BCBS of MN that Anthem would internally split and adjudicate the claim, Fairview was then informed that Anthem needed to be billed only for the 2016 dates of service.

30.     Upon information and belief, BCBS of MN then split the claim and submitted it to Anthem on or about October 4, 2017.

31.     On December 12, 2017, Fairview received communications from BCBS of MN that they were still waiting on Anthem to process the split claims.

32.     The split claims were finally processed by Anthem on or about December 20, 2017.

33.     Anthem paid for the health care goods and services per the terms of the BCBS of MN and Fairview contract for dates of service December 28, 2016 – December 31, 2016.

34.     Anthem denied coverage for the dates of service after the termination of the Anthem Policy (January 1, 2017 – February 8, 2017).

35.     As Fairview could not submit a claim to UHC until it had the requisite EOB from Anthem, per UHC's representation, it was not until after Anthem finally processed the split claim on December 20, 2016 that Fairview was able to submit the claim to UHC.

36.     As such, a claim for the health care goods and services provided to patient Hanson was submitted to UHC on January 10, 2018 and January 24, 2018 for the January 1, 2017 through

5

February 8, 2017 dates of service during which the UHC Policy was active.

37. This claim was denied by UHC on February 2, 2018 for lack of timely filing; Fairview's subsequent appeal to UHC was denied for the same reason.

38. Fairview brings this action against Anthem under the pursuant to the contract in place between BCBS of MN and Fairview, and against UHC under the Medica/Selectcare LaborCare contract.

39. Fairview further brings this action against Defendants directly as a beneficiary of the policy and as the assignee of patient Hanson's rights and causes of action as a participant and beneficiary under Defendants' respective policies, to recover benefits due under the policies as a result of health care goods and services provided.

40. Fairview contends that Anthem is liable for the entire stay and duration of health care goods and services provided to patient Hanson as it was continuous care, and began when the Anthem policy was active.

41. Fairview further contends, that if Anthem is not liable for the dates of service after the Anthem Policy terminated, that UHC is liable for said dates of service as UHC informed Fairview that it would need the Anthem EOB in order to receive and process any claim received for the health care goods and services provided to patient Hanson.

42. There remains an outstanding balance due and owing on the claims submitted to Anthem and UHC in the amount of three hundred fifty-nine thousand two hundred eighty-four dollars and forty-one cents ($359,284.41).

43. Fairview has demanded payment of the unpaid balance from Defendants, but Defendants have refused to pay.

44. Defendants' refusal to pay has forced Plaintiff to retain the services of D.S. Erickson & Associates, PLLC and Plaintiff will incur attorney fee expenses and costs to recover the amount due and owing.

## CLAIM I
## BREACH OF CONTRACT

45. Plaintiff incorporates each and every allegation contained in Paragraphs 1-44, inclusive, with the same force and effect as if fully set forth herein.

46. Under and through the contract in place between Blue Cross and Blue Shield of Minnesota and Fairview, Anthem accepted the responsibility to timely and properly pay claims received from Fairview for the health care goods and services provided to patient Hanson.

47. Claims for the health care goods and services provided to patient Hanson were properly and timely submitted by Fairview to Anthem via BCBS of MN.

48. Anthem is in breach of contract by failing to pay for the entire stay and duration of health care goods and services provided to patient Hanson as it was continuous care, and began when the Anthem policy was active.

49. Moreover, due to the undue delay caused by several months of unnecessary review by Anthem, Fairview was unable to submit the claims for the care provided to patient Hanson to UHC in a timely manner.

50. Anthem is in breach of contract by failing to uphold their obligations and contractual commitments to adjudicate and pay the claim in a timely manner.

51. Under and through the Medica/Selectcare LaborCare, UHC accepted the responsibility to timely and properly pay claims received from Fairview for the health care goods and services provided to patient Hanson.

7

52. Claims for the health care goods and services provided to patient Hanson were properly and timely submitted by Fairview to UHC.

53. UHC was made aware that Anthem was billed as the primary insurer, and that the claims needed to be split by Anthem before submission to UHC; UHC further represented to Fairview that an EOB from Anthem needed to be provided for UHC to process any claim.

54. Despite being aware that it was impossible for Fairview to submit the claim to UHC within its requirements for timely filing given the extenuating circumstances, UHC has failed to pay Fairview at the contracted rate for the health care goods and services provided to patient Hanson.

55. UHC is in breach of contract by failing to uphold their obligations and contractual commitments pursuant to the Medica/Selectcare LaborCare for payment at the contracted rate.

56. Moreover, Defendants are in breach of contract under the terms of the Polices and Plan(s), and the benefits due to patient Hanson under the same, which were assigned to Fairview prior to health care goods and services being rendered.

57. As a result of Defendants' breach, Plaintiff has and will incur damages in an amount in excess of three hundred fifty-nine thousand two hundred eighty-four dollars and forty-one cents ($359,284.41).

## CLAIM II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

58. Plaintiff incorporates each and every allegation contained in Paragraphs 1-57, inclusive, with the same force and effect as if fully set forth herein.

59. Anthem's failure to diligently and timely monitor the claims and payment thereof, causing the denial of its claims submitted to UHC, constitutes a breach of Anthem's covenant of good faith and fair dealing with respect to Fairview.

60.   UHC's insistence that Fairview adhere to its timely filing requirements, despite being well aware that it was impossible for Fairview to do so under the circumstances, constitutes a breach of UHC's covenant of good faith and fair dealing with respect to Fairview.

### CLAIM III
### UNJUST ENRICHMENT

61.   Plaintiff incorporates each and every allegation contained in Paragraphs 1-60, inclusive, with the same force and effect as if fully set forth herein.

62.   Plaintiff incurred time and resource expenses in rendering health care goods and services to patient Hanson.

63.   Defendants' retention of the insurance benefits that should be paid for the services provided to its insured will result in Defendants' unjust enrichment.

64.   Plaintiff is entitled to payment of the insurance benefits on the services provided to patient Hanson in an amount in excess of three hundred fifty-nine thousand two hundred eighty-four dollars and forty-one cents ($359,284.41).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

1.   Against Anthem, for an award of damages in an amount in excess three hundred fifty-nine thousand two hundred eighty-four dollars and forty-one cents ($359,284.41), plus any and all pre and post-judgment interest pursuant to Anthem's breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment.

2.   Alternatively, against UHC Against for an award of damages in an amount in excess three hundred fifty-nine thousand two hundred eighty-four dollars and forty-one cents ($359,284.41), plus any and all pre and post-judgment interest pursuant to UHC's breach of contract, breach of

the covenant of good faith and fair dealing, and unjust enrichment.

3. For an award of reasonable attorneys' fees and costs if applicable.

4. For such other relief as the Court deems just and equitable.

Dated: February 7, 2019                    D.S. ERICKSON & ASSOCIATES, PLLC

By_____
Timothy J. Henkel (#0389403)
Keith A. Patton (#0398608)
920 Second Avenue South, Suite 800
Minneapolis, MN 55402
Phone:        (612) 333-7600
Facsimile:    (612) 333-7611
Email:        timothy.henkel@dserickson.com
              keith.patton@dserickson.com
ATTORNEYS FOR PLAINTIFF FAIRVIEW
HEALTH SERVICES

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. 549.211 subdivision 2, to the party against whom the allegations in this pleading are asserted.

Dated: February 7, 2019                    D.S. ERICKSON & ASSOCIATES, PLLC

By_____
Timothy J. Henkel (#0389403)
Keith A. Patton (#0398608)
920 Second Avenue South, Suite 800
Minneapolis, MN 55402
Phone:        (612) 333-7600
Facsimile:    (612) 333-7611
Email:        timothy.henkel@dserickson.com
              keith.patton@dserickson.com
ATTORNEYS FOR PLAINTIFF FAIRVIEW
HEALTH SERVICES